IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, Plaintiffs, v. JONEL PLUMBING, INC., an Illinois corporation, Defendant. | Case No. | FILED: JUNE 19 , 2008 08CV3517 JUDGE ZAGEL MAGISTRATE JUDGE DENLOW AEE |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia for their Complaint against Defendant Jonel Plumbing, Inc., state:

### COUNT I

### (Failure To Timely Pay Employee Benefit Contributions)

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, federal common law, and 805 ILCS 5/1 et seq.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.  The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4.  Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.  Defendant Jonel Plumbing, Inc., (hereinafter the "Company") is an Illinois corporation. The Company does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.  The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective March 6, 1996 ("Agreement"). (A copy of the Company's written confirmation of entering into the Agreement, and the Agreement entered into

between the Union and the Company which Agreement adopts and incorporates Master Agreements between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust are attached hereto as Exhibit A.)

7.   The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association of Greater Chicago ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCMC"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8.   The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9.  The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding its obligations under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

   a.  failed to submit its books and records to a requested audit for the period of July 1, 2006 forward, thereby depriving the Funds of information necessary to determine benefit contribution compliance and to administer the Funds; and

   b.  failed to obtain and maintain a surety bond.

12. The Company's actions in failing to submit to an audit and to obtain and maintain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement, the Participation Agreements and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, accumulated interest and accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Jonel Plumbing, Inc., as follows:

a.  ordering the Company to submit its books and records to an audit for the period of July 1, 2006 forward;

b.  ordering the Company to obtain and maintain a surety bond in accordance with the terms of the Agreement; and

c.  awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Submit To An Audit)

14. Plaintiffs reallege paragraphs 1 through 10 of Count I.

15. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit its books and records to a requested audit for the period of July 1, 2006 forward, thereby depriving the Union of information necessary to administer its operations.

17. Pursuant to the Agreement and federal common law, the Company is liable to the Funds for the unpaid union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order against Defendant Jonel Plumbing, Inc., ordering the Company to submit its books and records to an audit for the period of July 1, 2006 forward and enter judgment against the Company for the amount of the union dues owed to date together with all liquidated damages, liquidated damages on late reports, accumulated liquidated damages, audit costs, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

June 19, 2008                                              Laborers' Pension Fund, et al.

                                                           By: /s Amy Carollo
                                                                Amy Carollo

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Office of Fund Counsel
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



# HEADQUARTERS OF
# Construction & General Laborers'
# District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O. —

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • PHONE: 312-237-7537 • FAX: 312-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

Joseph A. Lombardo, Jr.
Secretary-Treasurer

Bruno Caruso
President/Business Manager

## MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between _____, herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other Locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work, and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, G.D.C.N.I./C.A.W.C.C., Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendments thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local Union is herein specifically incorporated in this agreement and shall supersede the standard District Council agreement in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS PENSION FUND, and to the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND and to become bound by and be considered a party to the Agreements and the Declaration of Trusts creating said Trust Funds as if (he) (it) had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare, Pension and Training Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions, the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the execution form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and wage benefit contribution rates in the various Collective Bargaining Agreements are as follows:

June 1, 1995
to
May 31, 1996

$20.85 Per Hour Wages
$3.12 Per Hour Health and Welfare Fund
$1.45 Per Hour Pension Fund
$ .10 Per Hour Training Fund
$ .02 Per Hour MCIAF (or such amount as provided in local agreement.)
$ .01 Per Hour Chicagoland Safety Council (if applicable in local agreement).
Dues Deductions are $.25 Per Hour for each hour worked unless notified of an increase.

June 1, 1996
to
May 31, 1997

$1.00 Per hour increase for the year June 1, 1996 through May 31, 1997 to be allocated between wages and fringe benefits by the Union in its sole discretion.
Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.
MCIAF and Chicagoland Safety Council remain as above for the life of the contract.
Dues Deductions are $.25 Per Hour unless notified of an increase.

June 1, 1997
to
May 31, 1998

$1.00 Per hour increase for the year June 1, 1997 through May 31, 1998, to be allocated between wages and fringe benefits by the Union in its sole discretion.
Welfare, Pension, and Training Funds to remain the same unless additional sums are allocated.
MCIAF and Chicagoland Safety Council remain as above for the life of the contract.
Dues Deductions are $.25 Per hour unless notified of an increase.

All additional wage rate dues checkoff, or fringe benefit increases as negotiated after May 31, 1998, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1995, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contract, working dues in the amount of Twenty Five Cents ($.25) for each straight-time hour worked and Twenty-Five Cents ($.25) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 1998 and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto received not less than 60 days nor more than 90 days prior to the expiration date, of the desire to modify and amend this Agreement through negotiations. In the absence of such notice, the EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The EMPLOYER acknowledges and accepts the facsimile signatures contained herein as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at OFFICE this 6 day of MARCH 19 96

ACCEPTED:

Laborers' Local Union No. 25

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
Bruno Caruso, President/Business Manager

By: Joseph A. Lombardo, Jr.
Joseph A. Lombardo, Jr., Secretary-Treasurer

JONEL PLUMBING INC.
(Employer)

By: _____
(Name & Title)

604 ARTHUR DR.
(Address)
LOMBARD IL 60148
(City) (State) (Zip Code)
(708) 629-8316
(Telephone)

TRUST FUND

